UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 10, SUBREGION 11

HARSCO RAIL, A DIVISION OF HARSCO
CORPORATION

    and                                                      Cases 10-CA-115101
                                                               10-CA-115104
                                                               10-CA-119081

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS,
AFL-CIO

ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT
AND NOTICE OF HEARING

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board (the Board) and to avoid unnecessary costs or delay, IT IS ORDERED THAT Cases 10-CA-115101, 10-CA-115104, and 10-CA-119081, which are based on charges filed by the International Association of Machinists and Aerospace Workers, AFL-CIO (Union) against Harsco Rail, whose correct name is Harsco Rail, a division of Harsco Corporation (Respondent), are consolidated.

This Order Consolidating Cases, Consolidated Complaint and Notice of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 151 et seq. (the Act), and Section 102.15 of the Rules and Regulations of the Board and alleges that Respondent has violated the Act as described below:

1.

The charges in the above cases were filed by the Union, as set forth in the following table, and served upon the Respondent on the dates indicated:

Exhibit   8

| Case Number | Amendment | Date Filed | Date Served |
|---|---|---|---|
| 10-CA-115101 | | October 18, 2013 | October 21, 2013 |
| 10-CA-115101 | First | February 28, 2014 | February 28, 2014 |
| 10-CA-115101 | Second | March 25, 2014 | March 25, 2014 |
| 10-CA-115104 | | October 18, 2013 | October 21, 2013 |
| 10-CA-115104 | First | December 16, 2013 | December 17, 2013 |
| 10-CA-119081 | | December 16, 2013 | December 17, 2013 |
| 10-CA-119081 | First | February 28, 2014 | February 28, 2014 |

2.

At all material times, Respondent has been a corporation with an office and place of business in Columbia, South Carolina (Respondent's facility), and has been engaged in the manufacture and the nonretail sale of track construction and railway maintenance equipment.

3.

In conducting its operations annually, Respondent sold and shipped from its Columbia, South Carolina facility goods valued in excess of $50,000 directly to points outside the State of South Carolina.

4.

At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

5.

At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

6.

At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Scott Jacoby | - | Vice President and Group President |
| Richard Mills | - | Senior Director of Operations |
| Robert Bowen | - | Director of Human Resources |
| Carl Johns | - | Production Manager |
| Rick Byrd | - | Engineering and Facilities Manager |
| Reginald Howell | - | Senior Quality Engineer |
| Jason Cable | - | Supervisor |
| Scott Dominick | - | Supervisor |
| Steven McCarthy | - | Supervisor |
| Byron Tobin | - | Supervisor |
| Tommy Rawlins | - | Supervisor |

7.

Respondent, by the individuals named below, about the dates and at the location opposite their names, threatened its employees with termination because of their union support:

| Agent | Date | Location |
|---|---|---|
| Jason Cable | June 12, 2013 | Respondent's facility |
| Richard Mills | June 24, 2013 | Respondent's facility |

8.

(a) About July 3, 2013, Respondent suspended its employee Kenneth Wallace.

(b) About July 16, 2013, Respondent terminated its employee Kenneth Wallace.

(c) Respondent engaged in the conduct described above in paragraphs 8(a) and (b) because the named employee of Respondent assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

9.

(a) About July 25, 2013, Respondent laid off its employee Terry Lovett.

(b) Since September 7, 2013, Respondent failed to recall its employee Terry Lovett.

(c) Respondent engaged in the conduct described above in paragraphs 9(a) and (b) because the named employee of Respondent assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

10.

(a) About May 24, 2013, Respondent issued a written warning to its employee Stacey Turner.

(b) About July 26, 2013, Respondent suspended its employee Stacey Turner.

(c) About September 19, 2013, Respondent terminated its employee Stacey Turner.

4

(d) Respondent engaged in the conduct described above in paragraphs 10(a), (b) and (c) because the named employee of Respondent assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

11.

By the conduct described above in paragraph 7, Respondent has been interfering with, restraining, and coercing employees in the exercise of their rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

12.

By the conduct described above in paragraphs 8, 9, and 10, Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(3) of the Act.

13.

The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

WHEREFORE, as part of the remedy for the unfair labor practices alleged above in paragraphs 7 through 12, the General Counsel seeks an Order requiring that the Notice be read to employees during working time by Respondent.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the consolidated complaint. The answer must be **received by this office on or before April 14, 2014, or postmarked on or before April 13,**

**2014**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **File Case Documents,** enter the NLRB Case Number, and follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the consolidated complaint are true.

## **NOTICE OF HEARING**

PLEASE TAKE NOTICE THAT on **July 7, 2014, at 10:00 a.m., at a place to be designated in Columbia, South Carolina,** and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this consolidated complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated: March 31, 2014

Claude T. Harrell Jr.
Regional Director
National Labor Relations Board
Region 10, By

*Lisa R Shearin*

———————————————————
Lisa R. Shearin
Acting Officer-In-Charge
National Labor Relations Board
Subregion 11
4035 University Pkwy Ste 200
Winston Salem, NC 27106-3275

Attachments